UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLY LYNNENE LEWIS,<br>　　　Plaintiff<br>　v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>　　　Defendant. | Case No. 5:16-cv-01754-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.　PROCEDURAL HISTORY

Plaintiff Lesly Lynnene Lewis ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 10, 11] and briefs addressing disputed issues in the case [Dkt. 20 ("Pltf.'s Br."); Dkt. 23 ("Def.'s Br."), Dkt. 24 ("Pltf.'s Statement of No Reply")]. The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

## II.　ADMINISTRATIVE DECISION UNDER REVIEW

On July 1, 2011, Plaintiff filed an application for DIB, alleging that she became disabled as of August 1, 2010. [Dkt. 14, Administrative Record ("AR") 10.]

The Commissioner denied her initial claim for benefits in October 2011 and then denied her claim upon reconsideration in May 2012. [*Id.*] On January 9, 2013, a hearing was held before Administrative Law Judge ("ALJ") James P. Nguyen. [AR 27-46.] On January 31, 2013, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 7-23.] Plaintiff requested review from the Appeals Council, but the Appeals Council denied her request for review on April 28, 2014. [AR 1-3.]

Plaintiff filed a civil action on July 7, 2014. This Court remanded the case to the Commissioner for further proceedings on July 9, 2015. [AR 394-407 (*Lewis v. Colvin*, 5:14-cv-01326-GJS, Dkt. 27).] Subsequently, on February 23, 2016, a second hearing was held before ALJ Dante M. Alegre. [AR 358-389.] On April 9, 2016, the ALJ issued a decision again denying Plaintiff's request for benefits. [AR 449-467.] Plaintiff now seeks review directly from this Court. *See* 20 C.F.R. § 404.984.

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1). At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of August 1, 2010 through her date last insured of December 31, 2015. [AR 454.] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: obesity; migraines; carpal tunnel syndrome, right; peripheral neuropathy; obstructive sleep apnea (OSA); bipolar disorder; and depressive disorder with anxiety. [*Id.* (citing 20 C.F.R. § 404.1520(c).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 455 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).]

///

///

The ALJ found that Plaintiff had the following residual functional capacity (RFC):

> [L]ight work as defined in 20 CFR 404.1567(b). Specifically, the claimant can lift/carry twenty pounds occasionally and ten pounds frequently; stand/walk for six hours out of an eight hour workday; sit for six hours out of an eight hour workday; occasionally climb ramps and stairs; never climb ladders, ropes, and scaffolds, occasionally balance,stoop, kneel, crouch, and crawl; and frequently handle and finger. The claimant can understand, remember and carry out simple job tasks, but capable of performing GED level 1, 2, or 3, the claimant is unable to perform work that would require directing others, abstract thought or planning, maintain attention and concentration to perform simple tasks in a work environment free of fast paced production requirements, with frequent interaction with supervisors, coworkers and the public. The claimant can work in an environment with occasional changes to the work setting and occasional work related decision making.

[AR 457.][1] Applying this RFC, the ALJ found that Plaintiff is unable to perform any past relevant work, but determined that based on Plaintiff's age, education, work experience, and residual functional capacity, she could perform representative occupations such as mail clerk (DOT 209.687-026), office helper (DOT 239.567-010), and, assembler, electrical (DOT 729.687-010) and, thus, is not disabled. [AR 461-462.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence;

---

[1] The Court, frankly, finds this RFC to be near incoherent. It is perhaps missing some words, but it is unclear whether certain phrases detail things plaintiff allegedly *can* do or whether they are intended to be limitations, setting forth things she *cannot* do. The RFC says that plaintiff can perform "simple job tasks." [AR 457.] But it also says, for example, that "the claimant is unable to . . . maintain attention and concentration and concentration to perform simple tasks in a work environment free of fast paced production requirements . . . ." [*Id.*] The Court is unsure if there are words or punctuation missing that would clarify the RFC, but in any event, the Court hopes that the ALJ will be more careful on remand.

and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

## IV. DISCUSSION

Plaintiff contends that the ALJ: (1) erred in assessing her RFC and (2) erred in the assessment of her credibility. [Pltf.'s Br. at 1-2.] As set forth below, the Court agrees with Plaintiff, in part, and remands the matter for further proceedings.

### A. Plaintiff's RFC

Plaintiff first contends that the ALJ erred in not including limitations in the RFC that result from Plaintiff's severe migraine headaches. [Pltf.'s Br. at 6.] The Court disagrees.

A claimant's RFC is the most a claimant can still do despite her limitations. *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996) (citing 20 C.F.R. § 416.945(a)); Social Security Ruling ("SSR") 96-8p (an RFC assessment is ordinarily the "maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis," meaning "8 hours a day, for 5 days a week, or an equivalent work schedule"). In assessing a claimant's RFC, the ALJ must consider all of the relevant evidence in the record. *See* 20 C.F.R. §§ 404.1545(a)(2), (3). If an RFC assessment conflicts with an opinion from a medical source, the ALJ "must explain why the opinion was not adopted." SSR 96-8p; *see also Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (explaining that an ALJ is not required to discuss all the evidence presented, but must explain the rejection of uncontroverted medical evidence, as well as significant probative evidence).

Here, Plaintiff identifies a September 24, 2010 treatment note from Dr.

Purnima Thakran, M.D., a treating physician, stating that Plaintiff's headaches prevented her from working from August 31, 2010 to January 7, 2011. [AR 573-575.] In addition, on May 12, 2014, Dr. Karnani, M.D., a treating neurologist, diagnosed Plaintiff with having migraine headaches. [AR 576.] Subsequently, on November 9, 2015, Dr. Robert A. Moore, M.D., a neurological consultative examiner, diagnosed Plaintiff as having "chronic headache syndrome." [AR 554.] However, the ALJ gave "little weight" to the opinion of Dr. Thakran, in part because Dr. Thakran's opinion was inconsistent with Plaintiff's daily activities (a finding that Plaintiff does not challenge). The remainder of the medical evidence Plaintiff cites to merely documents the existence of her migraine headaches, which the ALJ recognized as a severe impairment. [AR 454.] Accordingly, Plaintiff has not met her burden of showing any findings that should have been included in Plaintiff's RFC regarding her migraine headaches.

Plaintiff next contends that the ALJ erred in failing to explain why the RFC assessment omitted findings of the consultative psychologist, Dr. J. Zhang, Psy.D. [Pltf.'s Br. at 8-9.] As discussed below, the Court agrees.

Dr. Zhang opined that Plaintiff has moderate impairment in her abilities to understand, remember, and carry out detailed and complex instructions; maintain concentration, persistence, and pace; *maintain consistent attendance and to perform routine work duties*; and to *respond appropriately to usual work situations* and to changes in a routine. [AR 564-572.] The ALJ gave Dr. Zhang's opinion regarding Plaintiff's mental functional capacity "great weight." [AR 460.] However, the ALJ's RFC did not account for Dr. Zhang's opinion that Plaintiff would have moderate impairment in her ability to maintain consistent attendance, to perform routine work duties, and to respond appropriately to usual work situations. Plaintiff contends that the ALJ erred by failing to offer any explanation as to why these limitations were omitted from the RFC.

Although the ALJ purportedly gave great weight to Dr. Zhang's opinion, the

ALJ failed to explain why he did not include in the RFC assessment Dr. Zhang's findings that Plaintiff has moderate limitations in the ability to perform routine work duties, maintain consistent attendance in the workplace, and respond appropriately to usual work situations. *See* SSR 96-8p; *see also Vincent*, 739 F.2d at 1394-95. The opinion of an examining psychologist, such as Dr. Zhang, can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record. *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1298-99 (9th Cir. 1999) (citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). As such, the ALJ erred by failing to provide any reasons for rejecting these portions of Dr. Zhang's opinion.

In response, the Commissioner contends that the RFC accounted for all the limitations assessed by Dr. Zhang. [Def.'s Br. at 6.] Specifically, the Commissioner argues that Plaintiff's moderate mental limitations were adequately captured by a restriction to simple tasks. [*Id.*] The Commissioner's argument is not persuasive. Although the ALJ's RFC restriction for simple tasks may encompass the concentration, persistence, and pace limitations assessed by Dr. Zhang, the RFC does not sufficiently account for Plaintiff's moderate limitations in performing routine work duties, maintaining consistent attendance in the workplace, or responding appropriately to usual work situations. *See*, *e.g.*, *Morinskey v. Astrue*, 458 Fed. Appx. 640, 641 (9th Cir. 2011) (finding ALJ erred by failing to analyze or make findings setting forth specific, legitimate reasons for rejecting the examining consultant's opinion that the claimant was moderately impaired in the ability to maintain regular attendance, sustain an ordinary routine, and complete a normal work day or workweek without interruption from his bi-polar disorder); *Padilla v. Colvin*, No. ED CV 14-1843-PLA, 2015 WL 3849128, at *5-6 (C.D. Cal. June 22, 2015) ("despite the ALJ's assertion that he afforded [the examining psychiatrist's] opinion significant weight . . . , the ALJ failed to explain why he apparently rejected and did not include in the RFC determination [the examining psychiatrist's]

6

moderate limitations in the ability to perform work activities on a consistent basis without special or additional supervision, and to complete a normal workday or work week due to her mental condition"); *Gloria v. Astrue*, No. C08-5714RJB-KLS, 2009 WL 1763301, at *14 (W.D. Wash. June 19, 2009). This error warrants reversal.[2]

## V. CONCLUSION

The decision of whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds that remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved"); *Harman*, 211 F.3d at 1180-81. The Court has found

---

[2] The Court has not reached the last issue raised by Plaintiff regarding Plaintiff's credibility except as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. However, the ALJ should address this additional contention of error in evaluating the evidence on remand.

7

| | |
|---|---|
| 1 | that the ALJ erred at step four of the sequential evaluation process.  Thus, remand is |
| 2 | appropriate to allow the Commissioner to continue the sequential evaluation process |
| 3 | starting at step four. |

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: May 09, 2017  _____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE